# EXHIBIT 1

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ROBIN VELEZ

     Plaintiff,

vs.                                    Case No.

NEOCIS, INC., a Foreign Corporation

     Defendant.

_____/

## COMPLAINT

Plaintiff ROBIN VELEZ, (hereinafter "Plaintiff" or "VELEZ") by and through her undersigned attorney hereby sues defendant NEOCIS, INC, a Foreign Corporation (hereinafter, "Defendant"), a corporation, and says:

## JURISDICTION AND VENUE

1. This is an action for damages exceeding $30,000 excluding attorneys' fees or costs and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.,* the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 and the Family and Medical Leave Act of 1993, ("FMLA") 29 U.S.C. §§ 2601, *et. seq.*

2. This Court has jurisdiction of the claims herein pursuant to the FCRA, 29 U.S.C. § 2617, and 28 U.S.C. § 1331.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendant.

1

4.  Venue is proper in this Court since Plaintiff was employed by Defendant in Miami-Dade, Florida.

## PARTIES

5.  Plaintiff is a resident of Miami-Dade County Florida and over the age of eighteen and otherwise *sui juris*.

6.  Plaintiff is a female individual with a disability or perceived disability. She is therefore a member of a class protected under Title VII, the ADA, the ADAA, and the FCRA because the terms, conditions, and privileges of her employment were altered because of her gender and/or her request for reasonable accommodation.

7.  Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant and/or because of her requests for reasonable accommodation which places her within a class protected under Title VII, the ADA, the ADAA and the FCRA.

8.  Defendant is a foreign corporation with its principal place of business in Miami and authorized to do business in Florida.

9.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, the ADA, the ADAA and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about August 2, 2019. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

2

12. Plaintiff was constructively terminated from her position on or about July 8, 2019. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on June 11, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

### GENERAL ALLEGATIONS

16. Plaintiff was hired by Defendant in June 2017, as a purchasing agent. Plaintiff was the only female agent in the purchasing department.

17. At the beginning of Plaintiff's employment, Ms. Jessica Sonnenfeld ("Sonnenfeld") was the supply chain manager and Plaintiff's direct supervisor.

18. Based on Plaintiff's tenure with the company, positive performance and positive work history through her employment, Plaintiff was fully qualified for her position at the time all discriminatory events complained herein occurred.

19. While Defendant allowed a male dominated culture to permeate the workplace throughout Plaintiff's employment, the disparate treatment began on or about February 2019, when Ms. Sonnenfeld left. Mr. Juan Salcedo began the disparate treatment towards me and then Mr. Jon Anderson ("Anderson") became the new supply chain director and Plaintiff's direct supervisor.

20. From the outset, Anderson treated her differently than her male counterparts in virtually all respects of the work environment. Plaintiff was excluded from communications, ridiculed and ignored during meetings and denied any help or support by Anderson.

21. Anderson further participated in misogynistic behavior within the workplace environment where everyone at Plaintiff's level or above was male, other than Plaintiff.

22. Starting on or about February 22 2019, Plaintiff complained to Human Resources, specifically Mr. Erik Beuckelaers (Beuckelaers), HR director, about the disparate treatment she was being subjected to. Specifically, Plaintiff complained that Anderson did not provide the requisite job support incumbent of him as her supervisor, ignored her suggestions and took her off of projects without reason and gave those projects to her male counterparts.

23. Anderson then retaliated against Plaintiff for her complaints to human resources by bullying Plaintiff, removing flexible work hours and denying Plaintiff the ability to work from home. Anderson also refused to give Plaintiff an explanation of what was expected of her and singled Plaintiff out by asking her to move desks.

24. Anderson's conduct carried over to other male counterparts of Plaintiff's and supervisors, who began subjecting Plaintiff to the same level of disparaging remarks and related inappropriate conduct. Anderson also refused to assist Plaintiff in her work projects in a manner consistent with how he treated her male counterparts.

25. Anderson was quick to admonish Plaintiff if there was any delay in completion of her tasks but permitted male employees to be significantly behind in reporting.

26. Plaintiff continued complaining about the harassment, continued disparate treatment and the intimidation/retaliation to Beuckelaers, Alon Mozes, and Ezell Raudez, between February through July 2019.

27. As a result of the harassment, Plaintiff was diagnosed with anxiety. Anxiety is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's major life activities as defined by the ADA and ADAAA.  Specifically, it substantially impairs

Plaintiff's ability to, at minimum, concentrate, evaluate, and communicate/interact with others. The ability to concentrate, evaluate, and communicate/interact with others are considered "major life activities" as defined by the ADA and ADAAA.

28. The anxiety Plaintiff experienced was so acute, Plaintiff had stomach issues and migraines.

29. Plaintiff made multiple requests to Beuckelaers and Mozes in human resources to be removed from the hostile work environment and requested time off while the situation was addressed as a reasonable accommodation all to no avail.

30. Instead, Plaintiff was told by Beuckelaers and Mozes that she was too sentivie and perhaps purchasing was not for her. Beuckelaers suggested that Plaintiff should consider looking for a position as an office manager which would be more suitable. Upon information and belief, no disciplinary action was taken against Anderson.

31. Furthermore, on or about June 19, 2019, Plaintiff submitted a request for FMLA.

32. However, Defendant failed to provide Plaintiff with the reasonable accommodation requested.

33. Plaintiff's request for FMLA was ignored. Plaintiff was required to provide additional paperwork to excuse absences and was not provided any reasonable accommodation.

34. On or about July 9, 2019, Mozes advised Plaintiff that her claims were found to be baseless and she had to return to work by July 12, 2019.

35. The work conditions created a hostile work environment which were an immediate threat to Plaintiff's life. Therefore, Plaintiff had no other choice but to resign.

36. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, ADA, ADAA and the FCRA.

37. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

38. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, complaints of discrimination, and/or request for leave were motivating factor(s) in the decision for the adverse employment action(s).

39. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

40. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON SEX)**

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

42. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

43. Plaintiff is a member of a protected class, to wit, female.

44. Defendant, by and through its supervisors and HR representatives, did not treat Plaintiff the same as other male employees.

45. Anderson acted on behalf of Defendant and acted within the scope of his duties.

46. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

6

national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

47. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's gender.

48. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, male employees were allowed better work opportunities by not being subjected to unfair treatment.

49. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

50. The Plaintiff was qualified for the position apart from her apparent gender.

51. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

52. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

53. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her gender in violation of Act with respect to its decision to treat Plaintiff different from other employees.

54. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from  employment  was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a female, in violation of the Act.

55. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, was a motivating factor in the decision for the adverse employment action(s).

56. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

57. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Anderson, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full

benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

59. Plaintiff incorporates herein the allegations contained in paragraphs 1–39, inclusive, as though same were fully re-written, and says:

60. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

61. Plaintiff complained to Defendant's Human Resources department, as set forth above, about the harassment to which she was subjected, the preference Anderson had towards male employees in the department, and unfounded disciplinary actions.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Anderson and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

64. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

65. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including  appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

67. Plaintiff is disabled as she suffers from anxiety which is an impairment which substantially limits one or more major life activities.

68. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

69. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested that she have extended time off from work as well as intervention to address the harassment she was being subjected to. These requests were reasonable and would not have caused Defendant undue hardship.

70. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

71. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request(s).

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

      A.     Actual damages as a result of Defendant's discriminatory actions;

      B.     Punitive damages due to Defendant's willful behavior;

      C.     Compensatory damages;

      D.     Injunctive relief where feasible;

      E.     Attorney's fees;

      F.     Costs of this action; and

      G.     Any other relief this Court deems proper.

## COUNT IV
### VIOLATION OF THE ADA AND ADAAA (RETALIATION)

72. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this

complaint as if set out in full herein.

73. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to Buckelaers and Mozes who knew of Plaintiff's disability.

74. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and harassment without valid reason.

75. Plaintiff's constructive termination constitutes an adverse employment action under the ADA and ADAAA.

76. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

77. Defendant's stated reason(s) for denying Plaintiff's request for accommodation is pretextual.

78. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination and requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

80. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

81. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

82. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation to her disability.

83. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's constructive termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

84. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

85. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

86. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

87. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON SEX)**

88.  Plaintiff re-avers and re-states paragraphs 1–39 above, as though the same were fully re-written herein, and says:

89.  Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was subjected to a hostile work environment on the basis of her gender, Female.

90.  Plaintiff is a member of a protected class, to wit, female.

91.  Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on her gender.

92.  Anderson's actions toward Plaintiff were constant and pervasive.

93.  The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff was unable to perform her day-to-day duties in an effective manner due to the constant remarks

about her sex and exclusion from meetings/correspondence which were essential to perform her job.

94. Despite complaints, Anderson's behavior was not addressed or corrected by Defendant, and further, grew in intensity. Defendant, by its inactivity, condoned Anderson's actions.

95. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered emotional distress and other compensatory and actual damages, and has been compelled to retain the services of counsel to represent her on this matter.

96. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, pain and suffering, pursuant to the provisions of the FCRA.

97. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Peterson and its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or

in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's

fees incurred herein, pursuant to contract and/or statute; and

The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

98. Plaintiff re-alleges and re-avers paragraphs 1-39 as though full set forth herein.

99. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.*

for Defendant's retaliatory conduct.

100.    Plaintiff complained to Defendant's Human Resources department, as set forth above,

about the harassment to which she was subjected, the preference Anderson had towards male

employees in the department, and unfounded disciplinary actions.

101.    As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be

discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse

manner, and subjected to a hostile work environment by Defendant.

102.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights

protected under the FCRA.

103.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

104.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

105.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Anderson and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

106.    Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

107.    If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

108.    Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## VIOLATION OF THE FMLA (RETALIATION)

109.  Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–39 above as though the same were fully set forth herein.

110.  This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

111.  Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave due to her own medical condition on June 19, 2019.  Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

112.  At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

113.  Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA and provided all necessary paperwork.

114.  Such leave was then denied by Plaintiff. Plaintiff was required to return to work despite her own medical condition.

115.  The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

116.  Plaintiff's leave request was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

117.  Defendant's purported reason(s) for terminating Plaintiff are pretextual.

118.   Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

119.   Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

WHEREFORE, Plaintiff requests:

A.   Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

B.   Interest on the amount found due;

C.   Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D.   Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

E.   Such other relief as the Court deems just and proper.

**COUNT IX**
**VIOLATION OF THE FMLA (INTERFERENCE)**

120.   Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–39 above as though the same were fully set forth herein.

121.   Plaintiff was eligible for FMLA leave for her own medical condition pursuant to 29 U.S.C. § 2612(a)(1)(C). She requested leave pursuant to the statute on or about June 19, 2019 and submitted all required paperwork.

122.   Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave under the Act.

123.   When Defendant denied Plaintiff's leave, Defendant interfered with Plaintiff's right and thus violated the FMLA.

124.    As a direct result, Plaintiff has suffered, and will continue to suffer, a loss of wages and

benefits.

125.    Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to

liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA,

29 U.S.C. § 2617(a).

126.    Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or

ratified the unlawful conduct of its employees.

127.    Plaintiff has retained the services of the undersigned counsel and is obligated to pay

attorney's fees should she recover damages from the Defendant.

128.    Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and

the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests judgment for:

A. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by

reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

B. Interest on the amount found due;

C. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in

this action; and

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ROBIN VELEZ demands trial by jury on all issues and all counts of this

Complaint so triable as a matter of right.

Dated: June 25, 2020

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Robin Velez</u>
 Plaintiff
        vs.
<u>Neocis, Inc.</u>
Defendant

**II.     AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>500,000</u>

**III.     TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical

  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**  **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.**  **NUMBER OF CAUSES OF ACTION:**
(Specify)

9

**VI.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Juan J. Perez
Attorney or party
FL Bar No.:  115784
(Bar number, if attorney)
Juan J. Perez
(Type or print name)
Date:  06/25/2020

Case 1:20-cv-23161-DPG Document 1-2 Entered on FLSD Docket 07/30/2020 Page 26 of 36

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ROBIN VELEZ

      Plaintiff,

vs.                        Case No. 2020-013499-CA-01

NEOCIS, INC., a Foreign Corporation

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** NEOCIS INC**,** through its Registered Agent:

MOZES, ALON
2800 Biscayne Blvd
Suite 600
Miami, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____            _____

CLERK                               DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ROBIN VELEZ

     Plaintiff,

vs.                           Case No. 2020-013499-CA-01

NEOCIS, INC., a Foreign Corporation

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** NEOCIS INC**,** through its Registered Agent:

MOZES, ALON
2800 Biscayne Blvd
Suite 600
Miami, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          6/26/2020
                                       _____
CLERK              308760              DATE
_____
(BY) DEPUTY CLERK

## <u>VERIFIED RETURN OF SERVICE</u>

State of Florida
        County of MIAMI DADE
        Circuit Court

Case Number: 2020-013499-CA-01

Plaintiff:
**ROBIIN VELEZ**

vs.

Defendant:
**NEOCIS, INC, A FOREIGN CORPORATION**

For:
PEREGONZA LAW GROUP
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

Received by Statewide Process Service, Inc on the 29th day of June, 2020 at 6:02 pm to be served on **NEOCIS INC, C/O MOZES ALON, 2800 BISCAYNE BLVD, SUITE 600, MIAMI, FL 33137**.

I, Eduardo E Ochoa, do hereby affirm that on the **1st day of July, 2020** at **10:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service and servers initials and server # if any, endorsed thereon by me, to: **KUNAL HANALAMWAR** as **EMPLOYEE** authorized to accept service for Registered Agent at the address of: **2800 BISCAYNE BLVD, SUITE 600, MIAMI, FL 33137** on behalf of **NEOCIS INC, C/O MOZES ALON**, Registered Agent, and informed said person of the contents therein, in compliance with Florida Statute § 48.081(3)(a).

**Description** of Person Served: Age: 20+, Sex: M, Race/Skin Color: MIDDLE EASTERN, Height: 5'9", Weight: 150, Hair: BLK, Glasses: N

## VERIFIED RETURN OF SERVICE For 2020-013499-CA-01

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true to the best of my knowledge..  Notary not required pursuant to F.S. 92.525 (2)

**Eduardo E Ochoa**
Dade County  CPS # 784

**Statewide Process Service, Inc**
**5727 NW 7th Street**
**Suite 317**
**Miami, FL 33126**
**(786) 512-5440**

Our Job Serial Number: OCH-2020000797

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1r

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ROBIN VELEZ,                                    CASE NO.  2020-013499-CA-01

       Plaintiff,

v.

NEOCIS, INC., a Foreign Corporation,

       Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

Please take notice that Tiffany L. Anderson of the law firm of León Cosgrove, LLP appears in this case as counsel for Defendant Neocis, Inc. All parties are requested to forward copies of all correspondence and pleadings to the undersigned counsel at the address listed below. In addition, all pleadings and papers in this action shall be served by e-mail under Fla. R. Jud. Admin. 2.516 on the following:

|  | Primary e-mail address | Secondary e-mail |
|---|---|---|
| Tiffany L. Anderson | tanderson@leoncosgrove.com | cmanzano@leoncosgrove.com |

Dated:  July 20, 2020

      Respectfully submitted,

      */s/ Tiffany L. Anderson*
      Tiffany L. Anderson
      Florida Bar No. 83995
      **LEÓN COSGROVE, LLP**
      255 Alhambra Circle, 8th Floor
      Miami, Florida 33134
      Tel:    305.740.1975
      Fax:   305.437.8158
      Email: tanderson@leoncosgrove.com
      Email: cmanzano@leoncosgrove.com
      *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 20, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served via eService from the Florida Courts E-Filing Portal on the following:

Nathaly Saavedra, Esq.
Juan J. Perez, Esq.
Peregonza Law Group, PLLC
1414 NW 107th Avenue, Suite 302
Doral, Florida 33172
Email: nathaly@peregonza.com
Email: juan@peregonza.com

*s/ Tiffany L. Anderson*
Tiffany L. Anderson

Case 1:20-cv-33161-DPG   Document 1-2   Entered on FLSD Docket 07/30/2020   Page 32 of 36

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ROBIN VELEZ,                                    CASE NO.  2020-013499-CA-01

       Plaintiff,

v.

NEOCIS, INC., a Foreign
Corporation,

       Defendant.

_____/

## AGREED MOTION FOR EXTENSION OF TIME
## TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT

Pursuant to Florida Rule of Civil Procedure 1.090(b), Defendant Neocis, Inc. ("Defendant") hereby moves for an enlargement of time to file a response to Plaintiff Robin Velez's ("Plaintiff") Complaint ("Complaint"), and in support states as follows:

1.     On June 25, 2020, Plaintiff filed the Complaint in this case.

2.     On July 1, 2020, the Complaint was served on Defendant.

3.     This law firm was recently retained to represent Defendant in this matter.

4.     Plaintiff's nine-count Complaint contains numerous allegations necessitating additional investigation before Defendant can form an appropriate response.

5.     Accordingly, Defendant respectfully requests a two-week extension of time to file a response to Plaintiff's Complaint, up to and including, August 4, 2020.

6.     Defendant's counsel contacted Plaintiff's counsel regarding the requested relief and Plaintiff's counsel agreed to this extension of time.

7.     The granting of this motion will not prejudice any party and is being sought in good faith and not for the purpose of delay.

WHEREFORE, Defendant respectfully requests that this Court enter an Agreed Order granting this motion and enlarging Defendant's time to file a response to Plaintiff's Complaint, up to and including, August 4, 2020.

Dated:  July 20, 2020

Respectfully submitted,

*/s/ Tiffany L. Anderson*
Tiffany L. Anderson
Florida Bar No. 83995
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Tel:     305.740.1975
Fax:     305.437.8158
Email: tanderson@leoncosgrove.com
Email: cmanzano@leoncosgrove.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 20, 2020, a true and correct copy of the foregoing was

electronically filed with the Clerk of the Court and served via eService from the Florida Courts E-Filing

Portal on the following:

Nathaly Saavedra, Esq.
Juan J. Perez, Esq.
Peregonza Law Group, PLLC
1414 NW 107th Avenue, Suite 302
Doral, Florida 33172
Email:  nathaly@peregonza.com
Email: juan@peregonza.com

*s/ Tiffany L. Anderson*
Tiffany L. Anderson

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Filing # 110994243 E-Filed 07/29/2020 04:11:23 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2020-013499-CA-01</u>
SECTION: <u>CA13</u>
JUDGE: <u>Alexander Bokor</u>

**Robin Velez**

Plaintiff(s)

vs.

**Neocis Inc**

Defendant(s)

_____/

**<u>ORDER GRANTING DEFENDANT'S AGREED MOTION FOR EXTENSION OF TIME
TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT</u>**

THIS CAUSE came before the Court on Defendant Neocis, Inc.'s ("Defendant") Agreed Motion for Extension of Time to File a Response to Plaintiff Robin Velez's ("Plaintiff") Complaint ("Motion"). The Court, having considered the Motion and being otherwise advised that the parties are in agreement as to the relief sought in the Motion, **ORDERS AND ADJUDGES** that Defendant's Motion is **GRANTED**. Defendant shall have through and including August 4, 2020 to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>29th day of July, 2020</u>.

<u>2020-013499-CA-01 07-29-2020 4:06 PM</u>
Hon. Alexander Bokor

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2020-013499-CA-01

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Cynthia Manzano, cmanzano@leoncosgrove.com

Juan J. Perez, juan@peregonza.com

Juan J. Perez, eservice@peregonza.com

Juan J. Perez, office@peregonza.com

Nathaly Saavedra, nathaly@peregonza.com

Nathaly Saavedra, office@peregonza.com

Tiffany L. Anderson, tanderson@leoncosgrove.com

Tiffany L. Anderson, cmanzano@leoncosgrove.com

Tiffany L. Anderson, dzulueta@leoncosgrove.com

**Physically Served:**