UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-cv-23161-GAYLES/OTAZO-REYES

ROBIN VELEZ,

    Plaintiff,

v.

NEOCIS, INC.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 9]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### BACKGROUND[1]

In June 2017, Defendant Neocis, Inc. ("Defendant") hired Plaintiff Robin Velez ("Plaintiff") as a purchasing agent. Plaintiff was Defendant's only female purchasing agent. In February 2019, Jon Anderson ("Anderson") became Plaintiff's direct supervisor. Anderson treated Plaintiff different than her male colleagues including excluding her from communications, ridiculing and ignoring her during meetings, and denying her any help or support.

On February 22, 2019, Plaintiff complained to Defendant's human resources director about Anderson's actions. In response, Anderson retaliated against Plaintiff by refusing to give her an

---

[1] The Court accepts Plaintiff's allegations, set forth below, as true for purposes of this motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

explanation of the expectations for her job and asking her to move desks. In addition, Anderson did not allow Plaintiff to work flexible hours or remotely even though she and other employees were permitted to work remotely when she first began working for Defendant.

Plaintiff alleges that she developed anxiety because of her disparate treatment at work. On June 18, 2019, Plaintiff provided Defendant with documentation of her anxiety and requested time off as an accommodation. Defendant denied Plaintiff her requested accommodation.

On July 7, 2019, Plaintiff emailed Alon Mozes ("Mozes") in Defendant's human resources department regarding her claims of disparate treatment and harassment. On July 9, 2019, Mozes advised Plaintiff that she needed to return to work by July 12, 2019. On July 10, 2019, Plaintiff resigned.

On August 2, 2019, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). [ECF No. 9-1]. In her Charge, Plaintiff specifically alleged that she was "mistreated and harassed because [she was] female." *Id.* Plaintiff checked only the boxes for sex and retaliation as the causes of her discrimination and did not reference any disabilities. *Id.*

In her Amended Complaint, Plaintiff alleges claims for (1) discrimination based on sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA") (Counts I and VI); (2) retaliation, in violation of Title VII and the FCRA (Counts II and VII); failure to accommodate her disability of anxiety, in violation of the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act as Amended ("ADAAA") (Count III); retaliation, in violation of the ADA and ADAAA (Count IV); and handicap/disability discrimination under the FRCA (Count V). Defendant now moves to dismiss, arguing the Amended Complaint is a shotgun pleading because each count incorporates the same factual allegations. In addition, Defendant argues that Plaintiff is barred from asserting claims based on

disability (Counts III, IV, and V) (the "Disability Claims") because she failed to exhaust her administrative remedies for those claims prior to filing this action.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

## DISCUSSION

**I.   The Amended Complaint Is Not a Shotgun Pleading.**

The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1322; (3) fails to "separate[ ] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims

against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323.

The Court finds that the Amended Complaint is not a shotgun pleading. Under each count, the Amended Complaint incorporates by reference paragraphs 1–40, which detail the facts supporting Plaintiff's claims against the Defendants. These paragraphs are key to each count of discrimination and retaliation, and any allegations that are relevant only to the specific count are subsequently detailed in each individual count. This is not a situation where the complaint is difficult to understand because each count adopts the allegations of all preceding counts or where a plaintiff fails to separate different counts into separate claims for relief. Therefore, to the extent it argues that the Amended Complaint is a shotgun pleading, the Motion shall be denied.

**II.     Plaintiff Failed to Exhaust Administrative Remedies on the Disability Claims.**

Prior to filing a civil action under the ADA, a plaintiff first must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018). A plaintiff's post-charge employment discrimination complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (internal quotation and citation omitted). The scope of a charge of discrimination "should not be strictly interpreted" and claims that "amplify, clarify, or more clearly focus" the allegations in a charge of discrimination are considered exhausted even if not explicitly stated. *Id.* at 1279-80. However, allegations of "new acts of discrimination are inappropriate" for a post-charge judicial complaint. *Id.*

Defendant moves to dismiss the Disability Claims because Plaintiff failed to include any allegations concerning a disability in her Charge. The Court agrees. While the Amended Complaint alleges that Defendant failed to accommodate her and retaliated against her due to her anxiety,

these allegations are not contained in her Charge. Plaintiff did not check the box for disability on the Charge and she does not state that she has been diagnosed with anxiety. Indeed, Plaintiff's only reference to her health is that her purported disparate treatment based on her sex affected her health and that she began missing work to see her doctor. These allegations, without more, do not allege discrimination based on a disability. Moreover, the Disability Claims cannot be said to amplify or more clearly focus the allegations in her Charge as her Charge is wholly silent as to any discrimination based on a disability. *See Ramon v. AT & T Broadband*, 195 F. App'x 860, 866 (11th Cir. 2006) (holding that plaintiff failed to exhaust administrative remedies on her hostile work environment claim where her EEOC charge did not mention a hostile work environment claim and contained no allegations of severe and pervasive harassment); *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018) (holding that plaintiff failed to exhaust administrative remedies on his failure-to-accommodate claims where his charge of discrimination "did not relay what his disability was [or] mention an accommodation request."). Therefore, Counts III, IV, and V shall be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1.  Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 9] is **GRANTED IN PART and DENIED IN PART**;

    2.    Counts III, IV, and V are **DISMISSED WITHOUT PREJUDICE**; and

    3.    Defendant shall answer the remaining counts in the Complaint within fourteen (14) days of the entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE